Received
MAY 3 1 2011
Legal Dept.

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF WRIGHT | TENTH JUDICIAL DISTRICT |

Oscar Orlando Olivares,
Deisy Josefina Gorostiaga,

Court File No.: _____

                Plaintiffs,

v.

**SUMMONS**

PNC Bank, National Association d/b/a
PNC Mortgage

                Defendants.

---

THIS SUMMONS IS DIRECTED TO: PNC Bank, National Association d/b/a PNC Mortgage.

**1. YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

**2. YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

    Bryan R. Battina
    Battina Law, PLLC
    1907 E. Wayzata Blvd., Suite 170
    Wayzata, MN  55391

**3. YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

**EXHIBIT A**

SCANNED
JUN 2 2 2011
U.S. DISTRICT COURT MPLS

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

7. **THIS LAWSUIT MAY AFFECT OR BRING INTO QUESTION TITLE TO REAL PROPERTY** located in Wright County, State of Minnesota, commonly described as follows:

    7817 Parquet Ave NE, Otsego, MN 55330

Dated: 5/17, 2011

BATTINA LAW, PLLC

_(signature)_

Bryan R. Battina, #338102
1907 E. Wayzata Blvd.
Suite 170
Wayzata, MN 55391
Telephone: (952) 314-1344

*Attorney for Plaintiff*

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF WRIGHT | TENTH JUDICIAL DISTRICT |

Oscar Orlando Olivares,
Deisy Josefina Gorostiaga,

Court File No.: _____

          Plaintiffs,

v.

          COMPLAINT

PNC Bank, National Association d/b/a
PNC Mortgage,

          Defendant.

## PARTIES

1. Plaintiffs, Oscar Orlando Olivares and Deisy Josefina Gorostiaga ("Plaintiffs") are individuals residing at 7817 Parquet Ave NE, Otsego, MN 55330, Wright County.

2. Defendant, PNC Bank, National Association, d/b/a PNC Mortgage ("PNC") is a foreign corporation doing business in Minnesota with a registered office located at 249 5th Ave, Pittsburg, PA 15222.

## FACTS

3. Plaintiffs peak limited english, their first language is spanish.

4. Plaintiffs home, located in Wright County Minnesota, is secured by a mortgage from PNC. PNC also services the mortgage.

5. Plaintiffs began falling behind on their mortgage due to financial difficulties.

6. During 2010, Plaintiffs attempted to discuss with PNC a loan modification to reduce the financial difficulties they were experiencing.

7. On September 10, 2010, PNC sent Plaintiffs a clear offer to modify their mortgage.

8. This offer states, "[t]o accept this offer, you must make a new monthly payment of $992.10 for the remaining months of the trial period. This payment is due on the **first day** of each month. So your first payment is due 10/01/2010, you second payment is due 11/01/2010, your third payment is due 12/01/2010." (emphasis in original).

9. This offer is also specific in that is states, "[h]ow **do I get a permanent modification?** You must make all of your trial period payments by their due dates; if you do not make each of your trial period payments in the month in which it is due, **your loan will not be modified under Making Home Affordable.**" (emphasis in original).

10. This offer is also specific in that is states, "[w]**hen will I know if my loan can be modified permanently and how will the modified loan balance be determined?** Once you make all of your trial period payments on time, we will send you a modification agreement detailing the terms of the modified loan." (emphasis in original).

11. Nothing in the offer lends one to believe a permanent modification is not being promised or guaranteed.

12. Plaintiffs accepted the offer and made the required payments directly to PNC of $992.10 on September 28, 2010, November 1, 2010, and December 1, 2010.

13. PNC accepted the payments.

14. Plaintiffs fulfilled the requirements of the offer dated September 10, 2010 by making the required payments.

15. PNC has failed to permanently modify Plaintiffs loan as promised in the offer dated September 10, 2010.

## BREACH OF CONTRACT

16. Plaintiffs restate and re-allege the allegations set forth above.

17. Plaintiffs and PNC, entered into a binding contract to enable Plaintiffs to modify their mortgage.

18. This contract provided that if Plaintiffs made the payments as outlined above, PNC would permanently modify their mortgage.

19. PNC breached this contract by failing to permanently modify Plaintiffs mortgage.

20. Plaintiff has been damaged by said breach in an amount exceeding $50,000.

## PROMISSORY ESTOPPEL

21. Plaintiffs restate and re-allege the allegations set forth above.

22. PNC made clear and definite promises to Plaintiffs more particularly described above.

23. It was reasonably foreseeable for Plaintiff to rely upon the promises.

24. Plaintiff did in fact rely upon the promises to thier detriment.

25. Plaintiff has been damaged in an amount exceeding $50,000.

## INJUNCTIVE RELIEF

26. Plaintiffs restate and re-allege the allegations set forth above.

27. By reason of the foregoing, PNC should be enjoined from initiating any foreclosure proceedings or otherwise attempt to displace Plaintiffs of possession of the Property.

## NEGLIGENT MISREPRESENTATION

28. Plaintiffs restate and re-allege the allegations set forth above.

29. PNC made false representations to Plaintiffs for their guidance relating to the mortgage and modification described above.

30. The false information included the representations more particularly stated above and included misrepresentations as to permanently modifying Plaintiffs loan.

31. PNC and its agents made the representations without due care or competence in obtaining or communicating the information.

32. Plaintiffs justifiably relied on the false information.

33. As a result thereof, the Plaintiff has been damaged in an amount in excess of $50,000.

## CONSUMER FRAUD/DECEPTIVE TRADE PRACTICES

34. Plaintiffs restate and re-allege the allegations set forth above.

4

35. At all relevant times, Minnesota has had statutes prohibiting unfair, false, misleading, and deceptive practices ("UDAP statutes"). Minn. Stat. §325D .43 et seq., and Minn. Stat. §325F.69 et seq. Minn. Stat. §8.31 allows consumers like Plaintiff to bring claims for violation of Minn. Stat. §325D .43 et seq. and Minn. Stat. §325F.69 et seq.

36. The Minnesota Deceptive Trade Practice Act, Minn. Stat. §325D.43-48, protects consumers from deceptive, fraudulent and misleading practices, as described therein. This statute sets forth a duty not to deceive the consumer as follows, in pertinent part:

> Minn. Stat. §325D.44. Subd. 1. Deceptive Trade Practices: A person engages in a deceptive trade practice when, in the course of business, vocation, or occupation, the person:
>
> (2) causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;
> (3) causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, another;
> (4) uses deceptive representations ...in connection with goods or services;
> (5) represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have;
> (13) engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.

37. The Minnesota Consumer Fraud Act, Minn. Stat. §325F.68 et seq. serves as a further protection against unfair and deceptive trade practices, as described within, and provides, in pertinent part:

5

> Minn.Stat. §325F.69 Subdivision 1. Fraud, misrepresentation, deceptive practices. The act, use, or employment by any person of any fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby, is enjoinable as provided herein.

38. PNC's conduct, more particularly described above, induced Plaintiffs to enter into an agreement which was misrepresented by PNC, as further described herein, and such actions constituted an unfair and deceptive practice under Minn. Stat. §325D.43 et seq. and Minn. Stat. §325F.69 et seq.

39. PNC's acts, statements and/or omissions caused the likelihood of confusion or of misunderstanding in Plaintiffs.

40. The unfair and deceptive practices were committed by PNC in the conduct of trade and commerce in (a) services, (b) real estate, (c) goods and merchandise and/or (d) loans. PNC's actions were willful and intentional violations of the rights of the Plaintiffs, and were willful attempts to take advantage of Plaintiffs by having them believe that their loan was being modified. Plaintiffs justifiably relied on PNC's obligation not to engage in such unfair and deceptive practices to their detriment. PNCs above-described conduct had the tendency to deceive Plaintiffs and PNC's actions caused injury and loss to Plaintiffs.

41. By reason of the foregoing, PNC violated laws prohibiting unfair and deceptive trade practices, including Minn. Stat. §325D .43 et seq. and Minn. Stat. §325F.69 et seq.

42. PNC acted, used, or employed a fraud, false pretenses, false promises, misrepresentations, misleading statements or deceptive practices with the intent that others rely thereon in connection with the mortgage of real estate and a loan in violation of Minn. Stat. § 325F.68, as more particularly stated above.

43. Upon information and belief, PNC has participated in similar illegal and unlawful transactions with other consumers which victimized other consumers.

44. As a result of their reliance, Plaintiffs seek an order of this Court enforcing the agreement or, in the alternative, an award of damages in an amount in excess of $50,000.00 the exact amount of which is to be determined at trial, costs and disbursements, including costs of investigation and reasonable attorney's fees, and receive other equitable relief as determined by the court under Minn. Stat. § 8.31, subd. 3a. and also seeks an injunction prohibiting PNC from any prosecution of a foreclosure sale or otherwise attempting to dispossess Plaintiffs and prohibiting PNC from committing any similar wrongful acts in the future affecting other consumers.

WHEREFORE, it is respectfully prayed that this Court:

I. Enforce of the agreement between the parties;

II. Enjoin the Defendants during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on Plaintiffs property, from recording any deeds or mortgages regarding the subject property or from otherwise taking any steps to deprive Plaintiffs of ownership or possession of the subject property;

III. Award plaintiff actual damages, statutory damages, exemplary damages, costs and reasonable attorneys fees;

IV. Award any other relief as the Court deems just and proper.

Dated: 5/17 , 2011  **BATTINA LAW, PLLC**

             _____
             Bryan R. Battina, #338102
             1907 E. Wayzata Blvd.
             Suite 170
             Wayzata, MN 55391
             Telephone: (952) 314-1344

             *Attorney for Plaintiffs*

## ACKNOWLEDGEMENT

The undersigned hereby acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded pursuant to Minnesota Statutes § 549.211, subd. 2, to the party against whom the allegations in this pleading are asserted.

Dated: 5/17, 2011

BATTINA LAW, PLLC

*[signature]*

Bryan R. Battina, #338102
1907 E. Wayzata Blvd.
Suite 170
Wayzata, MN 55391
Telephone: (952) 314-1344

*Attorney for Plaintiffs*

9